DECISION
This matter came before the Court of Appeals on Respondents’ Notice of Appeal of the trial court’s civil judgment in favor of the Petitioner's. The Appellate Panel concludes that the parties’ positions are clearly stated in the appellate pleadings and that oral arguments are not necessary. For the reasons set forth below, the judgment of the trial court is AFFIRMED.

FINDINGS OF FACT

Upon review of the appellate pleadings and the trial court’s record, this Court finds the following facts. A civil complaint was filed by Petitioners BERNADINE BOYD and ERNESTINE HERRERA in the Salt River Court on October 3, 1996. Respondents DEBBIE T. BRUISEHEAD and IVAN BRUISEHEAD timely filed their answer. Respondents then filed a Motion for Summary Judgment, to which Petitioner's timely responded. The trial court denied the Motion for Summary Judgment on October 2, 1997. The matter-then proceeded to trial on August 19, 1998. The trial court took the matter under advisement, then entered its judgment in favor of Petitioners on August 24, 1998. Respondents timely filed their' notice of appeal and appellate brief. Petitioner's timely filed their responsive appellate brief.
Respondents set forth the following bases for appeal:
I. Respondents claim a procedural error by the trial court for the court’s summary ruling on Respondents’ pre-trial Motion for' Summary Judgment without the opportunity for' oral arguments.
II. Respondents argue that the trial court erred by denying the Motion for Summary Judgment.
III. Respondents contend that the trial court erred in denying their Motion for Directed Judgment at the conclusion of the Petitioners’ case-in-chief at trial.
IV. Respondents assert that the trial court erred by failing to make conclusions of law upon which it could enter judgment.
V. Respondents believe that the trial court erred by entering its finding that a contract existed when no such finding was sought by Petitioners.
VI. Respondents claim that the trial court failed to set forth the elements of a legally binding oral contract and failed to make legal conclusions of what actions between the parties satisfied those elements.
VII. Finally, Respondents argue that the trial court erred by making its finding that a contract existed.

CONCLUSIONS OF LAW

Based on these findings and a review of the record, we make the following conclusions.

Issue I.

 Respondents attempt a post-trial appeal to the trial court’s pre-trial motion ruling. This Court notes that procedural error is not among the grounds for appeal set forth in Sec. 4-33 of the Fort McDowell Law and Order Code (Code). *131 Grounds for appeal lay in findings of fact, see Code, Sec. 4-33(a), or in conclusions of law, see Code, Sec. 4-33(b). Because procedural error is not listed among the grounds for appeal, this Court cannot consider alleged procedural error on post-trial appeal.
The above notwithstanding, clearly Respondents allege procedural error for which other relief is available. This Court notes that there was the opportunity for a Motion for Reconsideration, or even an interlocutory appeal, prior to trial. However, Respondents failed to avail themselves of these pre-trial remedies, and should not be allowed at this time to raise pre-trial procedural error for the first time.

Issue II.

The trial court’s ruling on the Motion for Summary Judgment falls under the umbrella of procedural error, with the same pre-trial remedies available as discussed in Issue I supra. Allegations of procedural error are not grounds for appeal under Sec. 4-33, and will not be considered by this Court.
 The above notwithstanding, this Court notes that a Motion for Summary Judgment should be granted only when (A) there is no genuine issue as to material fact, and (B) the moving party is entitled to judgment as a matter of law. See, Federal Rules of Civil Procedure, Rule 56(c). In the case before us, there clearly are disputed facts such that summary judgment would not have been appropriate.

Issue III.

 Respondents claim error in the denial of their Motion for Directed Judgment at the conclusion of Petitioners casein-chief. As in Issue I above, this is an alleged procedural error not subject to appeal. While the Court recognizes the distinction between a pre-trial motion as in Issue I and a trial motion as in this Issue, Sec. 4-33 makes no such distinction: procedural error is not proper grounds lor appeal. In any event, the record (i.e., the transcript) reflects that Respondents did not offer or preserve their objection to the denial of the motion at trial. Consequently, they should not be able to raise the issue for the first time on post-trial appeal.

Issue IV.

Respondents claim that the trial court made no conclusions of law upon which to base its judgment. A review of the Civil Judgment reveals several enumerated statements following the words “The Court FINDS.” See, Judgment, p. 1, beginning at line 13. Statements 6 and 7 (Judgment, p. 1, lines 23-24), are quite clearly conclusions of law [ (6) the agreement was oral, not written; (7) the parties fulfilled the requirements [constituting an oral contract] and did enter into an oral contract] based on the findings in Statements 1-5, even though these conclusions are not set apart or otherwise distinguished from the factual findings. Since the judgment clearly contains legal conclusions, this issue is contradicted by the record.

Issue V.

Respondents next claim that the trial court erred by making a finding of fact which was not sought by the Petitioners. Under Sec. 4—33(a), findings of fact are presumed to be without reversible error. An appeal based on the findings of fact lies only when that presumption is overcome by a sworn written statement that one of the following grounds exist: (A) the trial judge did not allow a material witness to testify; (B) the trial judge refused to admit material evidence; or (C) *132 material evidence was discovered after the trial which would have altered the judgment. Id. Since Respondents allege none of these grounds, the trial court’s findings are deemed without reversible error.

Issue VI.

Respondents then allege that the trial court failed to advise the parties what elements constitute a valid and enforceable contract. It is not clear under which (if any) subsection of Sec. 4-33 this asserted ground for appeal falls. Nonetheless, a review of the transcript reveals that the trial judge quite unequivocally stated the elements he would be looking for. See, Transcript, p. 74, lines 3-18. Because the judgment describes the trial court’s findings and conclusions (which satisfy the elements previously announced), Respondents’ argument fails.

Issue VII.

Finally, Respondents assert that the trial court erred by finding that an enforceable contract existed. As we have already explained above, this “finding” is actually a legal conclusion based on the factual findings which are, in turn, supported by the record. Because we have already ruled that the findings of fact are without reversible error, this conclusion of law appears correct based on those findings of fact. See, Sec. 4—33(b).

DECISION AND ORDER

Having determined that four of Respondents’ issues do not fall within the scope of permissible grounds for appeal, and having further determined that Respondents’ three remaining arguments each fail, it is the unanimous decision and order of this Court that the civil judgment is AFFIRMED.